ESTATE OF WILLIAMS: HERDE, Respondent, vs. ESTATE OF
WILLIAMS, Appellant.

*January 10—February 7, 1939.*

For the appellant there was a brief by *Allen D. Young* and
*Holt & Coombs,* all of Waukesha, and oral argument by
*Mr. Young.*

For the respondent there was a brief by *Lockney, Lowry
& Hunter* of Waukesha, and oral argument by *Richard N.
Hunter.*

Rosenberry, C. J.   While there was a trial upon disputed questions of fact, the findings of the court are amply supported by the evidence.   We shall therefore state the facts as found by the court sô far as it is necessary to disclose the question decided.

L. J. Herde, the claimant, is a well driller by occupation. About October 1, 1931, at the request of Henry Mundschau, Herde commenced the drilling of a deep well on the Mundschau farm, upon which John W. Williams then had a mortgage amounting to $8,395.   This was the last of a series of mortgages and was past due.   After working two or three days the claimant discovered that Mundschau was financially irresponsible, thereupon suspended operations and prepared to withdraw from the premises.   There was no well upon the premises at that time.   John W. Williams was present at the time the order was given by the claimant to remove the machinery and equipment from the place.   Upon being informed of the intention of Herde to abandon the work, Williams promised if Herde would resume drilling and complete the well he would pay Herde in full for the reasonable value of the well including services and materials furnished in and about the drilling of said well, both prior and subsequent to the making of the promise.   The value of the work done prior to the making of the promise was $50.   The total value of all the material and labor furnished was $707.08. Although Herde credited upon the account $8.50 which his men received from Mundschau's sons, no other payment was made.

The court found that the claimant was entitled to recover $698.58 with interest at six per cent from November 13, 1931.   Judgment was entered for that amount.

The estate claims that the findings are not supported by the evidence.   We shall not set out the evidence in detail, which we have carefully examined, and find that the evidence

amply sustains the findings of the court. The principal contention of the estate is that the contract was void under the statute of frauds in that it is a special promise to answer for the debt, default, or miscarriage of another person. Cases are cited and an argument was made that there was no novation and therefore no valid promise on the part of Williams. We think this contention is beside the point. It is considered that the law is correctly stated in the Restatement, Contracts, § 184:

"Where the consideration for a promise that all or part of a previously existing duty of a third person to the promisee shall be satisfied is in fact or apparently desired by the promisor mainly for his own pecuniary or business advantage, rather than in order to benefit the third person, the promise is not within Class II of § 178 [in other words, is not within the statute of frauds], unless the consideration is merely a premium for the promisor's insurance that the duty shall be discharged."

It appears in this case that Williams at the time of making the promise as found by the trial court held a mortgage upon the premises of such an amount that the equity of Mundschau was of very little if any value. The circumstances were such that the benefits to accrue from the digging of the well would accrue to Williams whether the premises were sold and the sale price enhanced by the fact that there was a well, or whether, as the event afterward proved, if foreclosure proceedings were instituted, he would be the beneficiary as the premises did not sell for enough to satisfy the mortgage. This brings the case squarely within the rule stated. See *Kamps & Sacksteder D. Co. v. United D. Co.* (1916) 164 Wis. 412, 160 N. W. 271; *Pratt v. S. Freeman & Sons Mfg. Co.* (1902) 115 Wis. 648, 92 N. W. 368; *Weisel v. Spence* (1884), 59 Wis. 301, 18 N. W. 165. The judgment is correct and must be affirmed.

*By the Court.*—Judgment affirmed.