Bahr and another, Respondents, vs. Evangelical Lutheran St. John's Society of Poynette and others, Appellants.

*December 3, 1940—January 7, 1941.*

For the appellants there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner* and *Doris Lehner*.

For the respondents there was a brief by *Bogue, Sanderson & Kammholz* of Portage, and oral argument by *T. H. Sanderson*.

MARTIN, J. No question is raised on this appeal as to the validity of the indebtedness represented by the note secured by the mortgage under foreclosure and defendants concede the validity of the mortgage as to the parsonage property. They contend, however, that the judgment as

entered in the court below should be modified by striking therefrom the church property.

The plaintiffs contend that at the time they agreed to make the loan of $4,000 and at the time the mortgage was executed, it was fully understood and agreed by all that they were to have a mortgage security on both the parsonage and church properties. In this contention plaintiffs were supported by the testimony of both the president and secretary of the congregation who executed said note and mortgage on its behalf. It will be noted that the secretary's minutes of May 15, 1924, quoted in the foregoing statement makes no reference to a mortgage on any specific property. They do show that the church council was, by a unanimous vote, authorized to prepare *all the papers*. What property was to be included in all the papers is not indicated by the secretary's minutes. We think it clear that the church council was authorized to prepare any and all papers necessary, not only to complete the purchase of the Newman house, but, likewise, they were authorized to prepare and execute a mortgage to the plaintiffs to secure the $4,000 loan. It would indeed be an unusual transaction for men of mature judgment to make a loan of $4,000 on mortgage security representing one hundred per cent of the purchase price.

All the testimony on behalf of defendants on the issue as to whether the church property was to be included in the mortgage is negative testimony, such testimony being to the effect that they could not recall anything being said by the members of the congregation at the meeting of May 15, 1924, that the church property was to be included in the mortgage.

The oral testimony received at the trial was not in contradiction of the secretary's minutes of the meeting of May 15, 1924. It is obvious that the minutes are not complete. They make no reference to a mortgage in any sum on either the parsonage or the church property. Defendants concede

that plaintiffs were to have a mortgage security for their loan. The oral testimony was in explanation of the secretary's minutes as to the property to be covered by the mortgage. The mortgage was *one of the papers* which the officers of the defendant congregation were authorized to prepare.

"While parol evidence will not be admitted to contradict or vary the terms of a written instrument, it is always admissible in case of ambiguity for the purpose of ascertaining the sense in which the parties intended to use the ambiguous term or terms, and the rule is sufficiently broad to permit the introduction of evidence of antecedent or contemporaneous oral agreements or conversations for purposes of interpretation." *Darling & Co. v. Frank Carter Co.* 208 Wis. 222, 228, 242 N. W. 519. (See cases cited.)

In *Chippewa Bridge Co. v. Durand,* 122 Wis. 85, 99 N. W. 603, which involved the letting of a contract for municipal public works which was governed by statute, the minutes of the city clerk as to the date to which a meeting of the city council had been adjourned was an issue in the case. The clerk's minutes show that the meeting had been adjourned to December 23d. The parol evidence was to the effect that the adjournment was to the 21st. At page 103, the court said :

"The authorities are not in harmony as regards whether evidence *aliunde* the official record is permissible to show proceedings of a public governing body, where the law requires such a record to be kept. The rule here is that such evidence is not admissible where the effect thereof will be to vary or contradict the record, *but may otherwise be received for the purpose of showing occurrences which, through oversight or some other cause, were not recorded."* (See cases cited.)

In *Dunn & Stringer Investment Co. v. Schaefer,* 209 Wis. 299, 303, 245 N. W. 85, the rule is stated thus :

"The law is pretty well settled that where it appears from the writings themselves that the whole agreement is not

stated therein, and that the writings are incomplete to express the entire agreement, parol evidence may be received to supply that portion of the agreement not covered by the writings." (Citing cases.)

In the case of *Duluth, South Shore & Atlantic R. Co. v. Douglas County,* 103 Wis. 75, 79 N. W. 34, there was no record of any proceedings of the county board showing that the board had authorized the taking of the appeal. The court said at page 78:

"It is not a subject affected by any law making a record the only evidence of it; therefore if the board acted in the matter, it appearing that written evidence thereof was not preserved, the facts in that regard may be established by parol."

The oral testimony in the instant case was properly received. It did not contradict the secretary's minutes of the meeting of May 15, 1924. It explained and completed the business transacted at that meeting. This oral testimony, taken in connection with the written minutes of the meeting, amply supports the findings of the trial court that the members of the defendant congregation had duly authorized its president and secretary to execute the mortgage in question covering both the parsonage and church properties.

*By the Court.*—Judgment affirmed.